# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ACCESS 4 ALL, INC. a Florida**
**not-for-profit corporation, and**
**FELIX ESPOSITO, Individually,**

       **Plaintiffs,**

**v.**                                    **Case No.  8:04-cv-394-T-30MAP**

**ANJANI INC., a Florida Profit Company,**
**d/b/a DAYS INN,**

       **Defendants.**
_____/

# ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to File Official Settlement Documents with Court and to Allow Plaintiffs' Counsel to File Petition for Attorney's Fees (Dkt. #29) and Plaintiffs' Verified Application for Attorney's Fees, Costs and Expert's Witness Fees (Dkt. #28).   The Court, having considered the motion and reviewed the records of Plaintiffs' counsel and expert, concludes that the motions should be granted in part and denied in part.

## A.   BACKGROUND

This action is an action brought to enforce Title III of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq. (the "ADA").  It is one of dozens of actions brought by Plaintiffs.  In settling this matter, Plaintiffs are seeking attorney's fees, expert's fees and costs in the amount of $16,363.50.

According to the records, Plaintiffs' attorney worked 36.15 hours at a rate of $290.00 per hour for a total of $10,483.50 in attorney's fees and incurred $1,530.00 in costs. The records also indicate that Plaintiffs' experts billed $4,350.00 for preparation of the initial report and the final report.

## B.   ATTORNEY'S FEES

First, this Court concludes that the rate charged and the hours billed by Plaintiffs' attorney is excessive and unreasonable for this type of litigation. This type of action is form intensive and does not require a high level of legal skill or experience. This Court concludes that a rate of two hundred fifty dollars ($250.00) per hour is reasonable and appropriate for a lawyer with the experience of Plaintiffs' counsel.

Second, this Court concludes that 36.15 hours of work is unreasonable and excessive for this type of case. There were no novel or complex motions filed by either party. Moreover, Plaintiffs' counsel billed substantial amounts for travel time and for reviewing and preparing routine documents. Therefore, this Court concludes that the 36.15 hours billed should be reduced to 16.9 hours.

Applying the reduction in rate and hours, this Court concludes that a fee of $4,225.00 (16.9 hours at $250.00 per hour) is reasonable and an appropriate fee for Plaintiffs' counsel. Therefore, this Court will approve the parties settlement in so far as it contains attorney's fees in that amount. (See attached Exhibit "A" regarding attorney's fees).

## C.   EXPERT'S FEES

This Court concludes that the expert's fees billed in this matter should also be reduced.  Plaintiffs' motion for expert's fees states that the experts charged $2,550.00 for preparation of the initial report and an estimated of $1,800.00 for preparation of the final report.  Invoices attached to Plaintiffs' motion states that the expert spent 15.5 hours preparing the initial report and 12 hours preparing the final report.  Although the expert's records do not specify how much time the expert spent on each specific task, it appears that the invoices contain a significant amount of charges for travel time.  Moreover, it appears that there is some duplication between tasks performed by Plaintiff's attorney and Plaintiff's expert.  This Court concludes that six (6) hours was a reasonable amount of time for the preparation of the initial report and two (2) hours for preparation of the final report.  Additionally this Court concludes that $100.00 per hour for the ADA expert's time is reasonable and appropriate under the circumstances.  Accordingly, this Court reduces the expert fees payable under the motion to $800.00.

## D.   COSTS

Next, this Court concludes that the amount of costs ($1,530.00) included in the motion should also be reduced.  Pursuant to 28 U.S.C. § 1920, a party may tax certain costs incurred in an action, including clerk fees, court reporter fees (if the transcript is necessarily obtained for use in the case), witness fees, charges for copies (if necessarily obtained for use in the case), and compensation of certain court appointed experts and interpreters.  In Duckworth v. Whisenant, the Eleventh Circuit held that charges such as those for general

copying, computerized legal research, postage, and other miscellaneous expenses (like parking) are not taxable.  97 F.3d 1393, 1399 (11th Cir. 1996).

Plaintiffs' counsel seeks recovery of certain overhead items as costs, including "off-site legal assistance," "open/close file cost," title search, mileage, meals, photocopying, "re-inspection fee" and payment to an off-site billing service.  This Court concludes these amounts are not recoverable from Defendant.  Therefore, this Court concludes that $225.00 (filing fee and service of process[1]) is recoverable and taxable as costs for Plaintiffs and approves Defendants to pay Plaintiffs' counsel that amount.

It is therefore ORDERED AND ADJUDGED that:

1.   Plaintiffs' Motion to File Official Settlement Documents with Court and to Allow Plaintiffs' Counsel to File Petition for Attorney's Fees (Dkt. #29) is GRANTED.

2.   Plaintiffs' Verified Application for Attorney's Fees, Costs and Expert's Witness Fees (Dkt. #28) is **GRANTED in part and DENIED in part** as stated herein.

3.   This Court approves payment by Defendant to Plaintiffs of fees and costs in the amount of **$5,250.00** ($4,225.00 in attorney's fees, plus $800.00 in expert's fees, and $225.00 in costs).

4.   The Clerk is directed to close this file and terminate any pending motions.

---

[1] The Court finds $150.00 for service of process to be excessive and approves payment of $75.00 for this cost.

**DONE** and **ORDERED** in Tampa, Florida on June 10, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>**Copies furnished to:**</u>
Counsel/Parties of Record

S:\Even\2004\04-cv-394.ADA atty fees.wpd

# EXHIBIT "A"

Court Revisions to Attorney James V. Johnstone's Invoice:

| Date | Task | Johnstone's Time | **Approved Time** |
|------|------|------|------|
| 11-08-03 | On site inspection of subject property, meeting with expert. | 2.0 | 2.0 |
| 11-19-03 | Conference with expert, reviewing and analyzing expert report and photographs to determine nature and extent of ADA violations and relevant ADAAG citations; researched ADAAG's analysis of report from property appraiser's office to confirm proper property is identified, including the review of legal description, use codes, property address and valuation, prepared notes to file. | 2.5 | 2.5 |
| 2-5-04 | Reviewed file; reviewed information from notes re: ownership, pertinent title documents; prepared computer title search and pacer search. | 1.9 | 0 |
| 2-23-04 | Telephone conference with client; Secretary of State research Auto track on defendant; reviewed Expert report and prepared complaint, summons and civil cover sheet; telephone conversations with client. | 2.0 | 1.0 |
| 3-4-04 | Receipt and review of return of service. | 0.25 | 0.1 |
| 3-5-04 | Receipt and review of Related Case Order and Track Two Notice. | 0.50 | 0.2 |
| 3-29-04 | Receipt and review Order re: and Expert's Opinion. | 0.3 | 0.2 |
| 5-7-04 | Correspondence to clerk enclosing Motion for Entry of Default. | 0.3 | 0.0 |
| 5-7-04 | Prepared, Filed and served Motion for Entry of Clerk's Default. | 0.75 | 0.7 |
| 5-19-04 | Receipt and review of Entry of Clerk's Default. | 0.30 | 0.1 |
| 5-26-04 | Correspondence to clerk re: Motion for Entry of Default Judgement. | 0.50 | 0.0 |
| 5-26-04 | Prepared, filed and served Motion for Entry of Default Judgement. | 1.00 | 1.0 |

| | | | |
|---|---|---|---|
| 6-8-04 | Receipt and review of Order to Show Cause to Defendant. | 0.50 | 0.1 |
| 6-21-04 | Receipt and review of Defendant's Motion for Showing of Good Cause. | 0.50 | 0.2 |
| 6-29-04 | Prepared Certificate of Interested Persons and Corporate Disclosure Statement. | 0.75 | 0.3 |
| 6-29-04 | Preparation and filing of Notice of Pendency. | 0.50 | 0.2 |
| 6-29-04 | Plaintiff's Rule 26 Disclosure. | 0.75 | 0.5 |
| 7-14-04 | Prepared, filed and served Request for Rule 34 Inspection. | 1.00 | 0.4 |
| 7-15-04 | Prepared and sent draft of CMR to o/c. | 1.25 | 0.8 |
| 8-25-04 | Prepared, filed and serve Notice of Unavailability and change of address. | 0.30 | 0.3 |
| 9-15-04 | Finalized and filed CMR. | 0.30 | 0.3 |
| 8-3-04 | Travel to and from inspection. | 10.00 | 1.0 |
| 8-3-04 | On-site inspection. | 2.0 | 2.0 |
| 05-18-04 | Prepared proposed Consent Decree and Invoice. | 3.0 | 2.0 |
| __-__-04 | Multiple teleconference calls with o/c re: case. | 1.0 | 1.0 |
| __-__-04 | Settlement negotiations (anticipated). | <u>2.0</u> | <u>0</u> |
| | **TOTAL HOURS:** | **36.15** | **16.9** |

**TOTAL ATTORNEY'S FEES:   16.9 hours at $250.00 per hour =   $4,225.00**